1  RYAN L. DENNETT, ESQ.
   Nevada Bar No. 5617
2  rdenett@dennettwinspear.com
   **DENNETT WINSPEAR, LLP**
3  JENNIFER INSLEY MICHERI, ESQ.
   Nevada Bar No. 10089
4  jinsley-micheri@dennettwinspear.com
   3301 N. Buffalo Drive, Suite 195
5  Las Vegas, Nevada  89129
   Telephone:    (702) 839-1100
6  Facsimile:     (702) 839-1113
   ***Attorneys for Defendant,***
7  ***State Farm Fire and Casualty Company***

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| JAMIL ABDULLAH,<br><br>                          Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>                          Defendants. | CASE NO: 2:25-CV-00770-RFP-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES   [FIRST REQUEST]** |
|---|---|

Pursuant to the Court's Local Rule 26-3, Plaintiff Jamil Abdullah, by and through his counsel of record, Jerome Bowen, Esq., of the Bowen Law Offices; and Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through its counsel of record, Jennifer Insley Micheri, Esq., of the law firm of Dennett Winspear, LLP, respectfully move the Honorable Magistrate Judge for an Order continuing Discovery and submit the instant Stipulation in accordance with LR 6-1 and LR 26-4.  The parties have conferred and agree that an extension of discovery is both necessary and warranted. This request contains basis to extend for good cause.

The parties met and conferred on June 6, 2025 pursuant to FRCP 26(f). The parties have exchanged their respective FRCP Productions, and supplements thereto.  A proposed stipulated

discovery plan and scheduling order was presented to the Court, and the Court issued its Order Approving Discovery Plan on June 16, 2025 [Doc 8]. Thereafter, on August 20, 2025, Defendant served a subpoena duces tecum on the Las Vegas Metropolitan Police Department for documents and records relevant to the incident that gave rise to Plaintiff Abdullah's claims in this case, as well as the investigation that followed. Despite receipt of some records, pertinent records and investigative materials remain outstanding and defense counsel is working to obtain those necessary records, and set depositions thereafter.

The parties have engaged in initial discovery and will work to complete party depositions following receipt of the aforementioned documents and reporting, as well as initial expert discovery. Defendant has propounded written discovery upon Plaintiff, which has been responded to. Given claims regarding the incident that gave rise to Plaintiff Abdullah's complaints in this matter, reports and documents are essential for further investigation and discovery efforts in this case, with depositions and additional discovery to follow. These records are necessary to complete timely initial factual and expert discovery, the parties respectfully request an extension of the current discovery dates.

An extension of time for discovery is necessary and good cause exists for the extension pursuant to Local Rule 26-4. Pursuant to that Rule, the parties submit the following:

The parties hereby request that the close of discovery in this matter be continued for ninety days (90) days. This Stipulation is supported by good cause, and the request to extend the date for close of discovery was submitted prior to twenty-one days before the close of discovery.

Since the Court issued its Order Approving Discovery Plan [Doc 8], the parties have worked diligently to complete discovery, but were unable to complete all necessary discovery given unforeseen delays in obtaining necessary documents and reporting regarding Plaintiff's relevant claims. The parties have exchanged documents and written discovery, however, require additional time in order to obtain additional records, including from governmental agencies, set depositions of parties, and experts following receipt of necessary foundational discovery. The parties are now working to complete necessary discovery, but require time in which to do so.

An extension is also warranted and good cause exists because Defendant has been diligent in its efforts to obtain relevant records, and documents but has not yet received all of the records sought, and to enable the parties to gather evidence necessary in which to support any request for dispositive relief in this matter, and so that the parties may adequately prepare their case in anticipation of trial.

The parties are requesting an extension of the close of discovery so testimony of relevant experts and party representatives may be obtained and expert reporting completed. Thereafter, further time is necessary in order for the parties to provide an expert with relevant records for expert review and evaluation, with resulting opinion.

This Stipulation and request for extension of the close of discovery is made more than twenty-one (21) days before the expiration of the deadline for discovery in this case, and initial expert disclosure deadline which is currently November 24, 2025.

**(a)   DISCOVERY THAT HAS BEEN COMPLETED:**

Counsel for the respective parties participated in a discovery planning conference pursuant to Fed.R.Civ.P. 26(f). Lists of witnesses and document productions were thereafter exchanged by and between the parties.

The parties also entered into a stipulation and Court ordered dismissal of Plaintiff's cause of action for unjust enrichment [Doc 9].

Defendant propounded written discovery on Plaintiff and Plaintiff served responses. Documents and reports have been subpoenaed, and some of the reports have been obtained, with anticipated additional documents to be obtained, followed by initial expert discovery, and depositions. The parties are currently working to obtain necessary documents, set necessary depositions, and complete expert discovery.

**(b)   DISCOVERY THAT REMAINS TO BE COMPLETED PURSUANT TO LR 26-3(b):**

The parties are currently in the process of obtaining necessary documents and reporting regarding the incident that gave rise to Plaintiff's claims at issue, conducting additional written and factual discovery, followed by depositions of parties, and experts. Additionally, the parties anticipate potentially conducting additional expert discovery, and additional factual and expert

discovery and depositions.

Despite the fact that the parties have worked together to complete this necessary discovery and set depositions, the discovery and depositions have not yet been completed.

**(c)   REASONS DISCOVERY WILL NOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN:**

Further time is necessary in order for Defendant to obtain necessary reports and documents from governmental agencies (previously subpoenaed and partially responded to), and so the parties may complete party and expert discovery and depositions.

Counsel is working together to complete necessary remaining discovery, but require additional time in which to do so.

**(d)   PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**:

The parties hereby stipulate and request that discovery dates in this matter be continued for an additional (90) days.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

4

| CURRENT DATE | PROPOSED DATE |
|---|---|
| Close of Discovery:  January 23, 2026 | April 23, 2026 |
| Amend Pleadings/add parties: October 24, 2025 | January 23, 2026 |
| Expert Disclosures: November 24, 2025 | February 23, 2026[1] |
| Rebuttal Experts: December 24, 2025 | March 25, 2026 |
| Dispositive Motions:  February 23, 2026 | ~~June 24, 2026~~ **May 25, 2026** |
| Pre-Trial Order:  March 25, 2026 | ~~May 24, 2024~~[2] **June 24 2026** |

Dated:   __10-30-2025_____

**BOWEN LAW OFFICES**                              **DENNETT WINSPEAR, LLP**


By: */s/ Jerome T. Bowen*_____         By:     /s/Jennifer Insley Micheri___
    Jerome T. Bowen, Esq.                             Jennifer Insley Micheri, Esq.
    Nevada Bar Number 4540                            Nevada Bar Number 10089
    9960 W. Cheyenne Avenue, Ste.250                  3301 N. Buffalo Drive, Ste 195
    Las Vegas, NV 89129                               Las Vegas, Nevada 89129


### ORDER

Good cause appearing therefore, IT IS SO ORDERED.


DATED this  30th  day of  October_____, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Deadline falls on Sunday, February 22, 2026 and is therefore relegated to Monday, February 23, 2026.

[2] Deadline falls on Saturday, May 25, 2024 and is therefore relegated to Friday, May 24, 2024.

5

1  Submitted by:

2  **DENNETT WINSPEAR, LLP**

3

4  By      */s/ Jennifer Insley Micheri*
JENNIFER INSLEY MICHERI, ESQ.
5  Nevada Bar No. 10089
3301 N. Buffalo Drive, #195
6  Las Vegas, Nevada  89129
**Attorneys for Defendant**
7  **State Farm Fire and Casualty Co.**

6